967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis PEDRAZA-RUIZ, Defendant-Appellant.
 No. 91-10408.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1992.
Decided June 26, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Luis Pedraza-Ruiz appeals his conviction for conspiracy, possession with intent to distribute marijuana and the unlawful use and carrying of a firearm during a federal offense. Pedraza-Ruiz contends that the district court erred in excluding the testimony of a defense witness. He also contends that the prosecutor engaged in misconduct during closing arguments. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * On December 5, 1990, Pedraza-Ruiz and three co-defendants were indicted and charged with conspiracy, possession with intent to distribute marijuana and the unlawful use and carrying of a firearm during a federal offense.
 
 
 4
 Prior to trial, the government and defense counsel entered into an agreement for the early disclosure of Jencks Act material. Under the terms of the agreement, the government provided defense counsel with reports and statements from prosecution witnesses. Those reports and statements were otherwise not discoverable until after the prosecution witnesses testified at trial. See 18 U.S.C. § 3500. In return, defense counsel agreed to provide the government with a list of all potential defense witnesses and a summary of their expected testimony. In pertinent part, the agreement provided that
 
 
 5
 2. Defense counsel agrees to provide the government with a list of all potential defense witnesses and a summary of their expected testimony as soon as same is available and not later than ten (10) days prior to trial--whichever comes first.
 
 
 6
 (a) Failure to provide the government with a list of all potential defense witnesses and a summary of their expected testimony shall result in that witness(es) being excluded from giving any testimony.
 
 
 7
 By letter dated April 24, 1991, defense counsel advised the government that he intended to call five witnesses, among them defense witness Denise Arellano. Defense counsel did not, however, provide timely summaries of the witnesses' expected testimony.
 
 
 8
 At a hearing held the morning trial commenced, May 7, 1991, the government moved to exclude the testimony of those witnesses, as well as the testimony of witnesses disclosed in a subsequent letter of May 1, 1991. The prosecutor stated that defense counsel "has orally told me what they may say but in some brief fashion. I have received nothing in writing of disclosure and I now move pursuant to the disclosure law (sic) to prevent their testimony...."
 
 
 9
 The district court subsequently ruled that Pedraza-Ruiz could call all witnesses named in the two letters with the exception of Arellano. In granting the government's motion as to that witness, the district court ruled that, because defense counsel had not provided the government with a timely summary of Arellano's testimony despite the fact that Arellano "was available," she would not be allowed to testify on behalf of Pedraza-Ruiz.
 
 
 10
 Pedraza-Ruiz was subsequently convicted on all three counts and sentenced to a term of imprisonment of 101 months.
 
 II
 
 11
 The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have compulsory process for obtaining witnesses in his favor." The right to compulsory process includes "[t]he right to offer the testimony of witnesses, and to compel their attendance, if necessary, [and] is in plain terms the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies." Washington v. Texas, 388 U.S. 14, 19 (1967).
 
 
 12
 "The defendant's right to offer the testimony of witnesses is not unbounded, however," United States v. Peters, 937 F.2d 1422, 1424 (9th Cir.1991), and preclusion of a witness' testimony may be a permissible sanction for a discovery violation. Taylor v. Illinois, 484 U.S. 400, 409 (1988).
 
 
 13
 In Taylor, the Supreme Court upheld the trial court's exclusion of a witness as a sanction for defense counsel's failure to identify the witness prior to trial. The Court stated that if the explanation for a party's failure to comply with discovery "reveals that the omission was willful," it would be "entirely consistent with the purposes of the Compulsory Process Clause simply to exclude the witness' testimony." Id. at 415.
 
 
 14
 Here, we find no abuse of discretion by the district court. Despite the fact that the excluded witness was available to defense counsel, he failed to provide a timely summary of her expected testimony to the prosecution in violation of the disclosure agreement.
 
 III
 
 15
 Pedraza-Ruiz also contends that the prosecutor engaged in misconduct during closing arguments.
 
 
 16
 "A claim of prosecutorial misconduct must be viewed in the entire context of the trial." United States v. Christophe, 833 F.2d 1296, 1300 (9th Cir.1987). Reversal is justified only when such misconduct denies the defendant a fair trial. Id.
 
 
 17
 In this case, we find no prosecutorial misconduct warranting reversal. While Pedraza-Ruiz objects to "the overall tone and content of the Government's closing argument," the prosecution is "free to argue reasonable inferences from the evidence" and is granted "reasonable latitude" in presenting its closing arguments to the jury. United States v. Gray, 876 F.2d 1411, 1417 (9th Cir.1989), cert. denied, 495 U.S. 930 (1990).
 
 IV
 
 18
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3