992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mike BENAVIDEZ, Defendant-Appellant.
 No. 92-10031.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1993.
Decided April 27, 1993.
 
 Before: FARRIS, POOLE, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mike Benavidez appeals his jury conviction and sentence for five counts of knowingly causing another person to engage in a sexual act by placing that person in fear, in violation of 18 U.S.C. §§ 1153, 2242(1) (1988). The charges against Benavidez stemmed from allegations of sexual abuse made by a minor. We have jurisdiction pursuant 28 U.S.C. § 1291 (1988). We affirm the conviction but remand for an evidentiary hearing to determine whether Benavidez reviewed the presentence report prior to the imposition of sentence.
 
 I.
 
 3
 At a pretrial hearing, the district court ruled against the defense on certain evidentiary issues. Benavidez argues that his rights under the Constitution and Fed.R.Crim.P. 43 were violated by his absence from this stage of his prosecution.
 
 
 4
 Benavidez did not waive this claim under United States v. Gagnon, 470 U.S. 522, 528-29 (1984), because his absence was involuntary. We review for plain error. See Fed.R.Evid. 103(d); United States v. Brown, 832 F.2d 128, 130 (9th Cir.1987).
 
 A.
 Fed.R.Crim.P. 43(a) provides:
 
 5
 The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.
 
 
 6
 We need not decide whether the hearing was a "stage of the trial" under Rule 43(a) because even if it was, Benavidez's absence falls within Fed.R.Crim.P. 43(c)(3), which states that "a defendant need not be present ... at a conference or argument upon a question of law." Cf. United States v. Sherman, 821 F.2d 1337, 1339 (9th Cir.1987) (absence from hearing on jury instructions).
 
 B.
 
 7
 "A defendant has a constitutional right to be present at every stage of the trial where his absence might frustrate the fairness of the proceedings." Sturgis v. Goldsmith, 796 F.2d 1103 (9th Cir.1986). This right is grounded in 1) the Confrontation Clause of the Sixth Amendment or 2) the Due Process Clause of the Fifth. United States v. Rewald, 889 F.2d 836, 854 (9th Cir.1989), modified, 902 F.2d 18 (9th Cir.1990), cert. denied, 111 S.Ct. 64 (1990); Valenzuela-Gonzalez v. U.S. Dist. Court for the Dist. of Arizona, 915 F.2d 1276, 1280 (9th Cir.1990).
 
 
 8
 The Confrontation Clause is not implicated here because no witnesses were presented against Benavidez. Id. (citing Snyder v. Massachusetts, 291 U.S. 97, 107 (1934)). Due process requires the defendant's presence only when it " 'has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge,' unless the presence would be 'useless, or the benefit but a shadow.' " Sturgis, 796 F.2d at 1108 (quoting Snyder, 291 U.S. at 97). Benavidez's presence was not required.
 
 II.
 
 9
 Pursuant to a discovery agreement with the government, Benavidez received 87 pages of "early Jencks Act material." In exchange, Benavidez agreed to provide "notice of alibi." The agreement recited that failure to comply with its conditions might result in the exclusion of alibi witnesses from trial.
 
 
 10
 The district court excluded Benavidez's alibi witnesses because Benavidez failed to adhere to the discovery agreement and Fed.R.Crim.P. 12.1. Benavidez asserts that the court abused its discretion. Benavidez admits he did not provide notice of alibi but argues he had no duty to do so because the government failed to provide written notice of the times, dates, and places of the alleged offenses, as required by Rule 12.1. Benavidez does not dispute that this information was included in the materials the government disclosed under the discovery agreement. Instead, he argues that the agreement itself must contain the information. We reject the argument.
 
 
 11
 United States v. Saa, 859 F.2d 1067 (2d Cir.1988), cert. denied, 109 S.Ct. 1555 (1989), and cert. denied sub nom. Andrade v. United States, 111 S.Ct. 189 (1990), upon which Benavidez relies, is not dispositive.[1] In Saa, no document provided by the government supplied the relevant information. See id. at 1071.
 
 
 12
 Benavidez next argues that the district court erred by failing to weigh his interest in a fair trial against the interest of the government in avoiding surprise and trial delay. See United States v. Barron, 575 F.2d 752, 757 (9th Cir.1978). The record reveals that the court considered the competing interests.
 
 
 13
 The court also considered an additional government interest not present in Barron. The disclosure agreement contemplated benefit for both parties. The district court properly considered the government's interest in obtaining the benefit of its bargain, since the defense had already benefitted by receiving the early Jencks Act material. There was no abuse of discretion in excluding Benavidez's alibi witnesses.[2]
 
 III.
 
 14
 The district court reviewed in camera the victim's counseling and psychological records. After determining that they contained no material subject to disclosure under Brady v. Maryland, 373 U.S. 83 (1963), the court ordered the documents sealed. We review the court's refusal to grant access to the psychiatric records for an abuse of discretion. See United States v. Antone, No. 91-10503, slip op. at 14468 (9th Cir. Dec. 15, 1992).
 
 
 15
 The government must disclose evidence favorable to the defendant and material to either guilt or punishment. United States v. Streit, 962 F.2d 894, 900 (9th Cir.) (citing United States v. Bagley, 473 U.S. 667, 674 (1985) and Brady, 373 U.S. at 87), cert. denied, 113 S.Ct. 431 (1992). Evidence undermining the credibility of a key government witness must be disclosed when the reliability of the witness may be determinative of guilt or innocence. Brumel-Alvarez, 976 F.2d at 1240 (citing Giglio v. United States, 405 U.S. 150, 154 (1972)).
 
 
 16
 The district court did not abuse its discretion. We have reviewed the sealed records. They do not contain any information that should have been disclosed. The records do not tend to exculpate Benavidez. Nor do they support his contention that the victim's testimony was fabricated. See Antone, slip op. at 14468.
 
 IV.
 
 17
 Benavidez alleges that his attorney, Ms. Rainey, was emotionally and physically unprepared for trial. Benavidez claims that Rainey's performance was inadequate in that she: (1) was "listless and non-responsive" during the trial; (2) had difficulty following the testimony and making appropriate objections; (3) failed to secure Benavidez's presence at the pretrial hearing; (4) failed to comply with the applicable notice of alibi requirements; (5) failed to authenticate crucial documentary evidence; and (6) did not prepare adequately for the sentencing hearing.
 
 
 18
 Claims of ineffectiveness of defense counsel in federal criminal trials customarily are dealt with on collateral attack. United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991); United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991). Where the development of facts outside the trial record is unnecessary to evaluate the claim, however, we may decide the issue. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991); Molina, 934 F.2d at 1446. The present record suffices with respect to all but one of Benavidez's allegations.
 
 
 19
 Benavidez contends that Rainey admitted her ineffectiveness. This contention lacks merit. In seeking a continuance, Rainey stated that she was "not convinced I am not a hundred percent well enough to go through and deal with this trial." RT 10/7/91 at 6. The district court observed Rainey's condition and courtroom demeanor and found her physically and medically capable of conducting a defense. This finding is not clearly erroneous.
 
 
 20
 Rainey never admitted incompetence in the brief she filed in this court. Rather, she diligently set forth the allegations of her client, Benavidez. Moreover, even if Rainey had admitted incompetence, to deem the admission dispositive would be to substitute her judgment for our own.
 
 
 21
 The trial transcript does not substantiate Benavidez's claim that Rainey was "listless" and unable to interpose objections. Nor does Benavidez argue that further development of the record is necessary or appropriate. Because he has not shown that Rainey's performance was deficient, Benavidez's claim fails.
 
 
 22
 Rainey's failure to secure Benavidez's presence at the pretrial hearing does not constitute ineffective assistance. The hearing dealt only with the motion for a continuance and with evidentiary rulings for which Benavidez's presence was not required and would not have been helpful. He fails to demonstrate the requisite prejudice.
 
 
 23
 Next, Benavidez argues that Rainey should have secured the admission of medical test results, which demonstrated that neither Benavidez nor his wife were infected with chlamydia. Rainey cleverly circumvented the authenticity requirement of the Federal Rules of Evidence and presented the relevant information to the jury. See RT 10/9/91 at 114-16, 177-79. Although admission of the actual results might have been more persuasive, it is not reasonably probable that the "result of the proceeding would have been different." Strickland, 466 U.S. at 694.
 
 
 24
 Benavidez contends that Rainey admitted at the sentencing proceedings that she was unprepared. The record refutes this contention. Rainey merely complained that she had not received the government's sentencing memorandum, in which the government argued for an upward departure. The court did not depart upward.
 
 
 25
 Finally, Benavidez complains of Rainey's failure to comply with the notice of alibi requirements. The record is not sufficient for us to rule on this allegation. See United States v. Robinson, 967 F.2d 287, 290-91 (9th Cir.1992). We have no information on: (1) Rainey's possible motive in failing to comply, and (2) the extent of any prejudice. Collateral attack may provide a remedy. See id. Without comment on the possible showing, we question whether alibi witnesses can refute the crime, considering the time and place of the acts, but we make no ruling because of the state of the record.
 
 V.
 
 26
 Benavidez argues that the district court erred by failing to ascertain whether he reviewed the presentence report with counsel. Under Fed.R.Crim.P. 32(a)(1)(A), the district court must, prior to imposing sentence, "determine that the defendant and the defendant's counsel have had the opportunity to read and discuss the presentence investigation report...." Rainey read the report, but there is no indication in the record that Benavidez himself reviewed it or discussed it with her. We remand for an evidentiary hearing to determine whether Benavidez reviewed the report with counsel prior to the imposition of sentence. See United States v. Popoola, 881 F.2d 811, 813 (9th Cir.1989).
 
 
 27
 We AFFIRM Benavidez's conviction. We REMAND only for an evidentiary hearing to determine whether Benavidez reviewed the presentence report prior to sentencing, and for resentencing if he did not.
 
 
 28
 AFFIRMED IN PART, REMANDED.
 
 POOLE, Circuit Judge, dissenting in part:
 
 29
 I agree with the majority that (1) Benavidez' constitutional and statutory rights were not violated by his not being present at a hearing in which an issue of law in his case was resolved; (2) remand is proper because the district court failed to ascertain whether Benavidez read the presentence report; (3) his ineffective assistance of counsel claim is in part unreviewable and should be developed on collateral attack; and (4) none of the sealed records were subject to Brady disclosure. However, I disagree with the majority's conclusions regarding the district court's exclusion of Benavidez' alibi witnesses. I firmly believe that the district court abused its discretion in finding that Benavidez violated Federal Rule of Criminal Procedure 12.1[1] and in excluding his alibi witnesses based thereon. I further believe that we should reverse, or, at minimum, remand for factual development relevant to this issue.
 
 
 30
 I disagree with the majority's conclusion that Benavidez violated Federal Rule of Criminal Procedure 12.1 in not disclosing his alibi witnesses because the government never made a proper request for disclosure under Rule 12.1(a). The majority holds that the government requested disclosure of Benavidez' alibi witnesses by providing documents referring to the times, dates and places of the alleged offenses, relying on United States v. Saa, 859 F.2d 1067, 1071-72 (2d Cir.1988), cert. denied, 109 S.Ct. 1555 (1989), and cert. denied, 111 S.Ct. 189 (1990). However, the majority misconstrues Saa, which, in any event, is not the law of this circuit. See United States v. Dupuy, 760 F.2d 1492, 1499 (9th Cir.1985) (stating that the government must comply with Rule 12.1 in order to claim unfair surprise when the defense presents alibi witnesses). First, Saa did not consider whether the information in the discovery documents in that case could satisfy Rule 12.1(a) because it found that the government's demand was untimely. Id. Second, contrary to any dicta in Saa implying that the information contained in the discovery documents would have been sufficient to constitute a request under Rule 12.1(a),[2] the court, in the very same sentence, also required that such documents be accompanied by a statement that the offense was committed at the times and places referred to in the discovery documents. Id. at 1071. The government provided no such statement to Benavidez. For these reasons, the majority's reliance on Saa is misplaced and the district court's finding that Benavidez failed to comply with Rule 12.1 was an abuse of discretion requiring reversal.
 
 
 31
 Even assuming Benavidez violated Rule 12.1, the record does not support the district court's exclusion of the alibi witnesses. The district court made no findings regarding the reasons for the failure to disclose the alibi witnesses. We do not know whether the district court thought that Benavidez and his defense counsel made a deliberate, tactical decision or, as defense counsel argued, did not believe the government had requested disclosure of the alibi witnesses.
 
 
 32
 The district court therefore failed to comply with Taylor v. Illinois, 484 U.S. 400 (1988), which authorizes the exclusion of defense witnesses only if the defendant has committed a willful discovery violation. In Taylor the Court listed several factors relevant to determining whether the exclusion of a defense witness is justified: the right to offer witnesses, the integrity of the judicial process, the interest in the fair and efficient administration of justice, and the potential prejudice to the truth-determining function of the trial process.[3] Id. at 414-15. Based on these factors, Taylor held that if a defendant's failure to comply with a request to identify witnesses "was willful and motivated by a desire to gain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence, it would be entirely consistent with the purposes of the Compulsory Process Clause simply to exclude the witness' testimony." Taylor, 484 U.S. at 415.[4] The Court further stated that the underlying discovery violation at issue fit "into the category of willful misconduct in which the severest sanction is appropriate." Id. at 417.
 
 
 33
 The majority fails to recognize that, under Taylor, finding a willful discovery violation is a prerequisite to imposing the sanction of exclusion.[5] However, in Eckert v. Tansy, 936 F.2d 444 (9th Cir.1991), the court, relying on Taylor, determined that the failure to comply with the notice of alibi provision was willful in affirming the exclusion of the appellant's alibi witness. Id. at 447. The court found that neither the defendant nor his counsel had made any showing of cause for the discovery violation, that the defendant had actually dissuaded his counsel from disclosing the alibi witness, and that the failure to give notice was therefore traceable to the defendant's tactical choice. Id. at 446.
 
 
 34
 There certainly are no findings in this case, as there were in Taylor and Eckert, that the underlying discovery violation was deliberate and blatant and designed to gain a tactical advantage at trial. This case is therefore more like United States v. Peters, 937 F.2d 1422 (9th Cir.1991), in which the court found that the defendant's eleventh hour disclosure of his expert witness did not constitute a violation of any discovery rules and that the exclusionary sanction was therefore impermissible. Id. at 1425-26. Peters also recognized that Taylor authorized the exclusion of witnesses only when the underlying discovery violation was willful.[6] Id. at 1424, 1426. As Peters indicates, a mere accidental discovery violation or untimely disclosure does not justify the exclusion of a defense witness.[7]
 
 
 35
 I submit that no reasonable interpretation of Taylor could justify exclusion in this case. Even if the majority believes that willfulness is "an important factor but not a prerequisite to exclusion," United States v. Johnson, 970 F.2d 907, 911 (D.C.Cir.1992),[8] the district court altogether failed to apply Taylor or to make any finding whether the underlying discovery violation was anything more than inadvertent. Under any reasonable view of Taylor, such a violation does not fit into the category of misconduct in which the severest sanction is appropriate. See 484 U.S. at 417.
 
 
 36
 Because "[f]ew rights are more fundamental than that of the accused to present witnesses in his own defense." Id. at 408, I believe that the district court's exclusion of Benavidez' alibi witnesses without finding that the underlying discovery violation was willful constitutes a clear abuse of discretion. Furthermore, even if I agreed with the majority that Benavidez failed to comply with Rule 12.1 and that something less than a willful discovery violation can justify the sanction of exclusion, I would remand this case to the district court for factual development related to the reasons for Benavidez' noncompliance in light of Taylor. Disallowing the testimony of potentially percipient witnesses in a criminal case is a critical stroke upon which a defendant's fate may depend. It ought not be lightly ordered.
 
 
 37
 I therefore respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The dissent is mistaken in its conclusion that we are relying upon Saa. The opinion makes it clear that we are not
 
 
 [2]
 We disagree with the dissent's interpretation of the Supreme Court's holding in Taylor v. Illinois, 484 U.S. 400 (1988). Taylor holds that a finding of willful misconduct may be sufficient to justify the exclusion of defense witnesses; it does not hold that willful misconduct is a necessary prerequisite to exclusion
 The dissent apparently reads a willfulness requirement into the language of Taylor--and our cases following Taylor. We disagree. In United States v. Peters, 937 F.2d 1422 (9th Cir.1991), we paraphrased Taylor, stating that because "no willful and blatant discovery violations occurred," exclusion is "impermissible." Peters, 937 F.2d at 1426. Peters, however, was a case where no discovery violation occurred. Nevertheless, the dissent apparently reads the language in Peters to require willfulness as a prerequisite to exclusion.
 
 
 [1]
 Rule 12.1 reads as follows:
 (a) Notice by Defendant. Upon written demand of the attorney for the government stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such different times as the court may direct, upon the attorney for the government a written notice of the defendant's intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.
 (b) Disclosure of Information and Witness. Within ten days thereafter, but in no event less than 10 days before trial, unless the court otherwise directs, the attorney for the government shall serve upon the defendant or the defendant's attorney a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any or the defendant's alibi witnesses.
 (c) Continuing Duty to Disclose. If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished under subdivision (a) or (b), the party shall promptly notify the other party or the other party's attorney of the existence and identity of such additional witness.
 (d) Failure to Comply. Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from or presence at, the scene of the alleged offense. This rule shall not limit the right of the defendant to testify.
 (e) Exceptions. For good cause shown, the court may grant an exception to any of the requirements of subdivisions (a) through (d) of this rule.
 (f) Inadmissibility of Withdrawn Alibi. Evidence of an intention to rely upon an alibi defense, later withdrawn, or of such statements made in connection with such intention, is not, in any civil or criminal proceeding, admissible against the person who gave notice of the intention.
 
 
 [2]
 Furthermore, we do not know from the present record how prominently the information required by Rule 12.1(a) appeared in the documents the government provided to Benavidez
 
 
 [3]
 In listing these factors, the Court relied on our opinion in Fendler v. Goldsmith, 728 F.2d 1190 (9th Cir.1983), which considered the willfulness of the appellant's failure to comply with the discovery orders. Id. at 1191
 
 
 [4]
 The trial court had found that defense counsel's failure to disclose an alibi witness until the second day of trial merely because counsel had been unable to locate the witness constituted a willful and blatant discovery violation. Id. at 403-05
 
 
 [5]
 Nonetheless, the majority relies on United States v. Saa, in which the court noted that Taylor requires some deliberate discovery violation as a prerequisite to the exclusion of witnesses. See 859 F.2d at 1072
 
 
 [6]
 Peters also cited United States v. Schwartz, 857 F.2d 655, 658-59 (9th Cir.1988), as support for the proposition that a willful discovery violation is a prerequisite for exclusion. 937 F.2d at 1426
 
 
 [7]
 Furthermore, I believe that my interpretation of Taylor is the prevailing view of the circuits. Of the four circuits that have had the opportunity to determine what type of discovery violation merits exclusion, three have held that Taylor requires a willful violation. See Escalera v. Coombe, 852 F.2d 45, 48 (2d Cir.1988); United States v. Mitan, 966 F.2d 1165, 1175-76 (7th Cir.1992); Grooms v. Solem, 923 F.2d 88, 91 (8th Cir.1991). Only one court, the District of Columbia Circuit in United States v. Johnson, 970 F.2d 907 (D.C.Cir.1992), held that, while important under Taylor, a finding of willfulness is not a prerequisite to exclusion. Id. at 911
 
 
 [8]
 In Johnson, the court remanded the case for further factual development although the record showed that, similar to the defendant in Taylor, the alibi witnesses had not been disclosed simply because the defendant had difficulty in reaching them. 970 F.2d at 912. The court remanded because the district court's finding that defense counsel acted in good faith was somewhat contrary to its exclusion of the witness. Id. Thus, although Johnson holds that something less than willfulness can justify exclusion, it indicates that a good faith discovery violation could not