134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco H. GARCIA, Sr., Defendant-Appellant.
 No. 96-10043.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1997.
Decided Jan. 26, 1998.
 
 1
 Before BOOCHEVER and KLEINFELD, Circuit Judges, and WILSON, District Judge.**
 
 
 2
 MEMORANDUM*
 
 OVERVIEW
 
 3
 Francisco H. Garcia, Sr. appeals his criminal conviction and sentence, for which final judgment was entered on January 22, 1996. Garcia was found guilty, after a jury trial, on three counts of conspiracy. Garcia argues that his due process rights were violated, his Sixth Amendment right to compulsory process was violated, and the district court erred by increasing his offense level by two levels for obstruction of justice.[1]
 
 I. Translator's Communications
 
 4
 Although Garcia made no objections during trial, he now argues on appeal that his due process rights were violated because (1) the judge should have recused himself after the translator revealed her concerns to him about the bona fides of certain tax documents; and (2) the judge should not have revealed the translator's concerns to the prosecution.
 
 A. Recusal
 
 5
 A judge's decision not to disqualify himself is reviewed for an abuse of discretion. United States v. Rogers, 119 F.3d 1377, 1380 (9th Cir.1997). When recusal is not raised below, the allegation of judicial bias is reviewed for plain error. United States v. Bosch, 951 F.2d 1546, 1548 (9th Cir.1991), cert. denied, 504 U.S. 989 (1992). "A plain error is a highly prejudicial error affecting substantial rights. Reversal of a criminal conviction on the basis of plain error is an exceptional remedy, which we invoke only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986).
 
 
 6
 A judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," id. § 455(b)(1). To require recusal, partiality as well as bias or prejudice must usually be shown to be based on an extrajudicial source, i.e., information obtained outside the judicial process. Liteky v. United States, 114 S.Ct. 1147, 1155, 1157 (1994).
 
 
 7
 Garcia argues that under § 455(a), once the judge became aware of the translator's concerns, he should have recused himself because his impartiality might reasonably have been questioned. But Garcia fails to explain why a reasonable observer would doubt the judge's impartiality. The judge immediately disqualified the translator from the case because of her personal knowledge. He did not try to hide the information from counsel, but rather, he promptly informed the parties of what he had been told. The meeting occurred in chambers away from the jury with counsel present. The judge never informed the jury about the translator's suspicions. Most important, the judge ultimately received the tax documents into evidence. A reasonable person observing this process would conclude that the judge did everything he could to maintain impartiality and judicial integrity. Any argument to the contrary is meritless.
 
 
 8
 With respect to § 455(b)(1), Garcia argues that once the translator disclosed her suspicions to the judge, the judge was biased against Garcia and he had personal knowledge of disputed evidentiary facts. Garcia, however, offers no evidence of the judge's alleged bias. Indeed, the judge ultimately received the disputed tax documents into evidence. Furthermore, the judge did not have personal knowledge of any disputed facts. The judge was simply aware of the translator's belief that the tax documents appeared different from those that she was used to filing.
 
 
 9
 In searching for evidence of bias, Garcia points to the judge's sentence enhancement. Agreeing with the presentence report by the probation officer, the judge enhanced Garcia's sentence based on obstruction of justice for suborning perjury. Garcia argues that the enhancement is evidence of the judge's bias against him. However, by the time the judge sentenced Garcia, he had heard testimony by Nunez that Reyes had lied about the authenticity of the documents. Thus, the enhancement was not based on bias against Garcia, but rather, on the evidence that Reyes had perjured himself and Garcia had suborned that perjury. Thus, the judge did not commit plain error by not recusing himself.
 
 B. Disclosure to Prosecution
 
 10
 "A federal judge has broad discretion in supervising trials, and his or her behavior during trial justifies reversal only if it abuses that discretion. A trial judge is more than an umpire, and may participate in the examination of witnesses to clarify evidence, confine counsel to evidentiary rulings, ensure the orderly presentation of evidence, and prevent undue repetition. A judge's participation justifies a new trial only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989) (citations omitted). Allegations of judicial misconduct are reviewed for plain error when the defendant fails to object at trial. See United States v. Springer, 51 F.3d 861, 864 n. 1 (9th Cir.1995).
 
 
 11
 Garcia argues that his due process rights were violated when the judge disclosed the translator's concerns to the prosecution. However, as discussed above, Garcia can point to no evidence of bias by the judge. Furthermore, because the entire exchange took place in chambers, the jury did not perceive an appearance of advocacy or partiality. Garcia complains that had the judge not disclosed the translator's suspicions to the prosecutor, the prosecutor would not have called Nunez as a rebuttal witness. However, Garcia has not shown that the prosecution called Nunhez because of the translator's statements.[2] "The function of a criminal trial is to seek out and determine the truth or falsity of the charges brought against the defendant." Lopez v. United States, 373 U.S. 427, 440 (1963). The judge's actions were consistent with this principle. Thus, the judge did not commit plain error by disclosing the translator's concerns to the prosecution.
 
 II. Exclusion of Defense Witness
 
 12
 The district court excluded the testimony of defense witness Ralph Milstead because the defense violated a discovery agreement. Garcia claims that the district court violated his Sixth Amendment right to compulsory process.
 
 
 13
 The district court's interpretation of a discovery rule is reviewed de novo. United States v. Peters, 937 F.2d 1422, 1424 (9th Cir.1991). Where a discovery rule has been violated, this Court examines the district court's exclusion of evidence for abuse of discretion. Id.
 
 
 14
 First, we find that the defense violated the discovery agreement. The agreement required both sides to list potential witnesses and their expected testimony. The defense's disclosures that Milstead is a "law enforcement expert" and that "he's going to testify about police procedures" did not constitute a summary of Milstead's testimony.
 
 
 15
 The next question is whether the district court abused its discretion by precluding Milstead from testifying. A criminal defendant has a Sixth Amendment right to offer testimony of witnesses and to compel their attendance. Taylor v. Illinois, 484 U.S. 400, 409 (1988). However, that right is not absolute. See id. at 410 ("The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence."). A court may, as a sanction for discovery violations, preclude a defense witness from testifying without violating the defendant's Sixth Amendment rights. Id. at 416.
 
 
 16
 In determining whether the district court abused its discretion in excluding a defense witness, the most significant factor is the importance of the witness to the defense. Fendler v. Goldsmith, 728 F.2d 1181, 1188 (9th Cir.1983).[3] In Fendler, this Court held that the trial judge had abused his discretion by excluding a defense witness because the defense was "severely hampered" by the exclusion. Id. at 1189. The Court also found that the prosecution would not have been prejudiced by allowing the testimony because the only information not available from the discovery list was the witness's address, and the prosecution knew that he was a Colorado attorney. Id. at 1189.
 
 
 17
 In the present case, Garcia has yet to explain how Milstead's testimony was important to his defense. He did not explain it at the exclusion hearing, nor does his appeal brief reveal the importance of Milstead's testimony. At the hearing, the judge gave Garcia's attorney ample opportunity to establish why Milstead's testimony was material. Furthermore, unlike the minimal prejudice to the prosecution in Fendler, in the present case, the prosecution could not prepare for cross-examination of Milstead because, on the morning the trial was to begin, it had no idea what he would say. Thus, the prosecution would have been prejudiced had Milstead been allowed to testify.
 
 
 18
 Another factor cited in Taylor is the simplicity of compliance with the discovery rule. Taylor, 484 U.S. 415-16. It would have been very easy for Garcia to comply with the discovery agreement. He needed merely to explain what Milstead was going to say so that the prosecution could adequately prepare its cross-examination. Nevertheless, Garcia has yet to disclose the details of Milstead's precluded testimony. Nor did Garcia offer any reason at the hearing for his failure to comply with the discovery agreement. See id. at 415 ("A trial judge may certainly insist on an explanation for a party's failure to comply with a request to identify his or her witnesses in advance of trial.").
 
 
 19
 Garcia argues that Taylor requires a "willful and blatant" discovery violation before a court may order a preclusive sanction. In Taylor, although the trial judge did find a willful and blatant discovery violation by the defense, the Court in no way held that such a violation was a prerequisite to a preclusive sanction. To be sure, in People of the Territory of Guam v. Palomo, 35 F.3d 368 (9th Cir.1994), cert. denied, 513 U.S. 1089 (1995), this Court upheld the exclusion of a defense witness for discovery violations absent any evidence of willful and blatant violations by the defense. Thus, Garcia's arguments are without merit.[4] The district court did not abuse its discretion in excluding Milstead's testimony.
 
 
 20
 AFFIRMED.
 
 
 
 **
 The Honorable Stephen V. Wilson, United States District Court for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In a separate published opinion, the Court rejected Garcia's third claim. Therefore, this memorandum addresses only Garcia's first two claims
 
 
 [2]
 The prosecution asserts that it was suspicious of the documents well before the translator revealed her concerns. Although the prosecution did not contact a rebuttal witness until after the translator's disclosure, the prosecution contends that it sought a rebuttal witness once there arose a possibility that the tax documents would be received into evidence. Thus, the prosecution argues, its decision to contact Nunez was not triggered by the translator's concerns
 
 
 [3]
 Although Fendler was decided before Taylor, the Taylor Court cited Fendler with approval. Taylor, 484 U.S. at 415 n. 19
 
 
 [4]
 It should be noted that although Taylor and Fendler dealt with violations of discovery rules, United States v. Nash, 115 F.3d 1431, (9th Cir.1997), excluded a witness for a violation of a discovery order, and People of the Territory of Guam v. Palomo, 35 F.3d 368 (9th Cir.1994), excluded a witness based on a violation of a discovery stipulation. Both Nash and Palomo relied upon Taylor in their decisions. Thus, the same analysis applies to the discovery agreement that was entered into by the parties in this case