UNITED STATES of America,
Plaintiff–Appellee,

v.

Joseph Nicholas FUENTES,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Jesse Rothchild Moore, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Nicholas Rey Pablo aka Slick,
Defendant–Appellant.

Nos. 05–10404, 05–10414, 05–10417.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2006.

Filed Oct. 23, 2006.

Joan G. Ruffennach, Esq., Kurt M. Altman, Esq., USPX–Office of the U.S. Attorney, Kimberly M. Hare, Assistant U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Daniel D. Maynard, Esq., Maynard Cronin Erickson Curran & Sparks, PLC, Linda C. Boone, Esq., USPX–Office of the U.S. Attorney, Carmen L. Fischer, Esq., Phoenix, AZ, Sigmund Gerald Popko, Arizona State Univ. College of Law, Tempe, AZ, for Defendants–Appellants.

Before: FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM*

Joseph Nicholas Fuentes and Jesse Rothchild Moore were each convicted on one count of first-degree murder (and aiding and abetting), and on one count of conspiracy to commit murder. Nicholas Rey Pablo was convicted on one count of conspiracy to commit murder. *See* 18 U.S.C. §§ 2, 1111, 1117. They appeal. We affirm in part, reverse in part, and remand.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ 1. Fuentes, Pablo, and Moore argue that the district court abused its discretion by denying their motions to sever. But their defenses were not so antagonistic that severance was required. *See United States v. Angwin,* 271 F.3d 786, 795 (9th Cir.2001). Moreover, testimony regarding the confession of codefendant John Yellowman did not, on its face, inculpate any of the defendants. *See Richardson v. Marsh,* 481 U.S. 200, 208–09, 107 S.Ct. 1702, 1707–08, 95 L.Ed.2d 176 (1987); *Bruton v. United States,* 391 U.S. 123, 137, 88 S.Ct. 1620, 1628, 20 L.Ed.2d 476 (1968). Furthermore, that testimony was admitted solely against Yellowman.[1] Finally, the argument that evidence of Fuentes' failed polygraph test prejudiced Pablo or Moore is purely speculative. *See United States v. Taren–Palma,* 997 F.2d 525, 533–34 (9th Cir.1993) (per curiam), *overruled on other grounds by United States v. Shabani,* 513 U.S. 10, 11, 115 S.Ct. 382, 383, 130 L.Ed.2d 225 (1994).

■ 2. Fuentes argues that the district court erroneously limited his cross-examination of witnesses Keith Thomas and Sean Aguilar regarding their prior convictions and thereby denied him his rights under the Sixth Amendment's Confrontation Clause. However, Fuentes did elicit testimony from Thomas and Aguilar regarding their prior convictions. Because the detailed facts underlying those convictions were irrelevant to the impeachment of those witnesses, the district court did not erroneously prevent Fuentes from delving into those facts.

■ Fuentes also argues that the government failed to disclose material, exculpatory evidence. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). At trial, however, tapes containing records of Fuentes' phone conversations had been destroyed pursuant to policy, and Fuentes has presented no evidence that the tapes' exculpatory value was apparent before they were destroyed or that they were destroyed in bad faith. *See Arizona v. Youngblood,* 488 U.S. 51, 57–58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988); *California v. Trombetta,* 467 U.S. 479, 488–89, 104 S.Ct. 2528, 2533–34, 81 L.Ed.2d 413 (1984). Fuentes' other claims of *Brady* violations—speculation about possible lenient treatment of a witness and evidence of codefendants' living arrangements—are no more successful.

Fuentes' remaining assertions of error also fail. Evidence that Fuentes did not attempt to kill a fellow inmate whom he believed to be a snitch was only marginally relevant to whether Fuentes was involved in the murder in this case and was not admissible as character evidence to show conformity therewith. *See* Fed.R.Evid. 404(b), 405(a); *see also United States v. Barry,* 814 F.2d 1400, 1404 (9th Cir.1987) (evidence admitted under Rule 404(b) must meet relevance standard). The district court therefore did not deny Fuentes due process and a fair trial by excluding that evidence. The government's introduction of evidence that the murder was paid for with heroin did not effect a constructive amendment of the indictment or a material variance. *See United States v. Bhagat,* 436 F.3d 1140, 1145–47 (9th Cir. 2006). And the district court did adequately instruct the jury regarding multiple conspiracies, using this circuit's model jury instruction on that subject. *See* Ninth Circuit Model Criminal Jury Instruction 8.17; *United States v. Bauer,* 84 F.3d 1549, 1560–61 (9th Cir.1996).

■ 3. Pablo argues that testimony regarding his membership in a street (not

---

1. Incidentally, evidence was also admitted that Yellowman recanted his confession. Yellowman's acquittal suggests that the jury did not accept the statements contained in Yellowman's confession.

prison) gang was inadmissible, prejudicial hearsay. Indeed, it was inadmissible hearsay. *See* Fed.R.Evid. 801(c). But the testimony was brief, especially when viewed in relation to the 26–day trial, and no party argued at closing that Pablo's gang membership meant that he was guilty of the murder in this case. Also the evidence against Pablo was strong. Thus, despite the district court's error in admitting the hearsay testimony, the error was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 23–24, 87 S.Ct. 824, 827–28, 17 L.Ed.2d 705 (1967).

Pablo also argues that the district court erroneously denied his motion for judgment of acquittal under Federal Rule Criminal Procedure 29. But given the voluminous evidence elicited at trial that Pablo was one of the architects of the conspiracy, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See United States v. Lombera–Valdovinos*, 429 F.3d 927, 928 (9th Cir.2005) (internal quotation marks omitted); *see also United States v. Martin*, 4 F.3d 757, 759 (9th Cir.1993); *United States v. Skillman*, 922 F.2d 1370, 1373 (9th Cir.1990).

■ 4. Moore argues that the district court erroneously denied his request to order production of prison commissary records. But the materiality of the requested records was speculative, and the request was properly denied. *See Martel v. County of L.A.*, 56 F.3d 993, 996–97 (9th Cir.1995) (en banc); *cf. United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir.1987) ("baseless speculation" cannot compel production of grand jury records).

■ The district court did abuse its discretion, however, when it excluded the tes-

timony of Moore's mental health experts on the issue of diminished capacity. Moore's April 2004 disclosure of Dr. Virginia Conner's findings in the context of the government's determination of whether to seek the death penalty against Moore was not sufficient to put the government on notice that Moore planned to call her as a trial witness to establish a diminished capacity defense. But the fact remains that the government was aware of Dr. Conner's findings well in advance of trial, and there is no indication that Moore intended to call Dr. Conner to testify to anything other than the disclosed findings. Dr. Conner was also listed on the parties' joint witness list, filed approximately a month before trial. On this record, Moore's omission was not shown to be "willful and motivated by a desire to obtain a tactical advantage." *Taylor v. Illinois*, 484 U.S. 400, 415, 108 S.Ct. 646, 656, 98 L.Ed.2d 798 (1988); *see United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir.2002). Moore's failure to fully disclose Dr. Barry Morenz evinces a similar lack of willfulness. The district court appointed Dr. Morenz on November 23, 2004. Moore disclosed Dr. Morenz's resume by the November 29 deadline, but Dr. Morenz had not yet interviewed Moore. Thus, on that date Moore provided only a summary of Dr. Morenz's anticipated testimony. In short, Moore disclosed all that he had regarding Dr. Morenz. That was not willful and tactical. *See Taylor*, 484 U.S. at 415, 108 S.Ct. at 656; *Finley*, 301 F.3d at 1018. Therefore, the sanction imposed was overly harsh. Because the testimony of Drs. Conner and Morenz was of "substantial importance," and its absence "severely hampered" Moore's efforts to present his diminished capacity defense, those errors require us to reverse his conviction.[2] *See*

---

2. Our conclusion in this regard obviates the need for us to consider whether the district court also erred when it excluded the testimony of Moore's DNA expert. In any event, on this record any error in that respect was "more probably than not harmless." *See United States v. Peters*, 937 F.2d 1422, 1426

*Fendler v. Goldsmith,* 728 F.2d 1181, 1189 (9th Cir.1983).

Finally, while we need not resolve the issue at this time, we are concerned that on this record it appears that the district court gave little, or no, weight to the observations of Moore's attorneys that Moore was unable to assist in his defense and did not possess "a rational ... understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960) (per curiam) (internal quotation marks omitted); *see also* 18 U.S.C. § 4241(d). Moore's attorneys were in an excellent position to assess his competency,[3] and their observations should have been seriously considered and even accorded "substantial weight." *See Medina v. California,* 505 U.S. 437, 450, 112 S.Ct. 2572, 2580, 120 L.Ed.2d 353 (1992); *Drope v. Missouri,* 420 U.S. 162, 177 n. 13, 95 S.Ct. 896, 906 n. 13, 43 L.Ed.2d 103 (1975); *Odle v. Woodford,* 238 F.3d 1084, 1089 (9th Cir. 2001); *Hernandez v. Ylst,* 930 F.2d 714, 718 (9th Cir.1991). We mention this so that no similar problem will arise in any later proceedings.

Because the district court abused its discretion by precluding the testimony of Moore's mental health experts, we reverse Moore's convictions and remand for a new trial.

AFFIRMED as to Fuentes and Pablo; REVERSED and REMANDED as to Moore.

(9th Cir.1991) (internal quotation marks omitted).

**3.** Among other things, two of them testified that in almost thirty years of criminal law practice they had not seen a client with Moore's understanding difficulties.

