

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50219 |
| Plaintiff - Appellee, | D.C. No. 8:07-cr-00052-CJC-1 |
| v. | |
| SAFIEH FARD, AKA Safieh Fard Bahrami, AKA Safieh F. Bahramian, AKA Safieh Bahramianfard, AKA Safieh Bahraman Bahramianfard, AKA Safieh Faird, AKA Bafish Fard, AKA Safieh B. Fard, AKA Safieh Rahraman Fard, AKA Saieh Fard, AKA Sasieh Fard, AKA Sophia Fard, AKA Safieh B. Kikalaye, AKA Fard Safifeh, AKA Safieh Sard, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 3, 2015
Pasadena, California

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Safieh Fard appeals her convictions for conspiracy to defraud the United States and conspiracy to commit money laundering. *See* 18 U.S.C. §§ 371, 1956(h). She argues that the district court erred by denying her request, made on the penultimate day of trial, to call a previously undisclosed expert witness. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.** Fard contends that the district judge erred in denying her request to call the expert witness for failure to comply with the notice provisions of Federal Rule of Criminal Procedure 16, rather than continuing the trial to allow the government to prepare for examination of the expert. Even assuming that the witness should not have been excluded, we do not reverse for an abuse of discretion if the error was harmless. *United States v. Peters*, 937 F.2d 1422, 1424, 1426 (9th Cir. 1991).

**2.** The proposed expert would have testified generally about money laundering and IRS investigative procedures. The proposed testimony was designed to show that the IRS had not followed its own policies in investigating this case. Fard's attorney, however, had already vigorously cross-examined the testifying IRS agent on this topic. Moreover, there was no dispute that substantial taxes were owed, and the expert's proposed testimony was not relevant to Fard's defense that she lacked the requisite means rea to commit the charged offenses. Because the verdicts were strongly supported by the evidence and the expert's would-be testimony was not

2

probative of the key issue of intent, we conclude that even if it were error to exclude the expert's testimony, any such error was harmless.

**AFFIRMED.**