David
**VALENZUELA–GONZALEZ, Petitioner,**

v.

**UNITED STATES DISTRICT COURT
FOR the DISTRICT OF ARIZONA,**
Respondent,

**United States of America, Real
Party in Interest.**

No. 90–70350.

United States Court of Appeals,
Ninth Circuit.

Submitted July 27, 1990.*

Decided Sept. 27, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Robert McWhirter, Asst. Federal Public Defender, Phoenix, Ariz., for petitioner.

Janet L. Patterson, Asst. U.S. Atty., Phoenix, Ariz., for respondent.

Before NELSON, REINHARDT and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Valenzuela–Gonzalez petitions for a writ of mandamus vacating the district court's order that his arraignment be conducted by closed circuit television. We grant the writ and vacate the order of the district court.

## I

Valenzuela–Gonzalez is a federal prisoner who was arrested in May, 1990. Upon his arrest, he appeared before a federal magistrate of the District of Arizona, who scheduled his arraignment for July, 1990. His trial was set for August, 1990.

In June, 1990, the United States District Court for the District of Arizona issued its General Order No. 190,[1] amending the local rules to allow arraignment by closed circuit television.[2] Shortly thereafter, the magistrate ordered that Valenzuela–Gonzalez's arraignment be conducted by closed circuit television.

Two days before his scheduled arraignment, Valenzuela–Gonzalez moved the district court for an order requiring that his arraignment be conducted in person. The district court heard the motion on an expedited basis on the day the arraignment was scheduled. The district court ruled that arraignment by means of audiovisual interactive technology did not violate the fifth or sixth amendments or Fed.R.Crim.P. 43.[3] Valenzuela–Gonzalez immediately sought an order staying the district court's order, which we granted the next day. He now

---

1. General Order No. 190, entered June 22, 1990, provides:

 IT IS ORDERED that for a period of one year from the date of filing of this Order, in the discretion of any district judge or magistrate of the District of Arizona, initial appearances and arraignments of pretrial detainees may be conducted by video-conferencing. The attorney for the defendant may elect to be present by video with the defendant or may appear personally in the hearing room at the District Courthouse. A defendant having his initial appearance before a federal magistrate may be taken before such magistrate by video when authorized by that judicial officer.

2. This procedure has been instituted under a pilot project of the Federal Bureau of Prisons, Arizona District, Phoenix Division. Under the procedure, arraignment is conducted while the detainee remains in prison. Communication is established between the prisoner and the district court by a sophisticated video-teleconferencing or closed circuit television system with several voice-activated cameras and monitors in the

courthouse and the federal prison. The system is designed to allow public viewing as well as confidential attorney-client conferences. It is augmented by fax machines for transmitting documents. *See* United States District Court, District of Arizona, *Video Court Proceedings Committee Report and Recommendations* (September, 1987).

3. The district court stated orally:

 The issue specifically is ... does an arraignment conducted before the magistrate, where the defendant is present by means of audiovisual interactive technology, for the purpose of entering a not guilty plea, constitute a violation of Rule 43, F.R. Criminal Procedures, or the Fifth and Sixth Amendments of the United States Constitution.

 And this Court rules that review of the record and the arguments presented clearly show that there are no violations. And the motion is denied.

 Reporter's Transcript of Proceedings at 50, *United States v. Valenzuela–Gonzalez*, No. CR–90–243–PHX–PGR (D.Ariz. July 18, 1990).

petitions for a writ of mandamus vacating the district court's order in this case.

This petition came on for hearing before us on July 27, 1990. We issued our order granting the writ and vacating the district court's order on July 27, 1990.[4] This opinion follows.

## II

We must first determine whether we have jurisdiction to issue the writ that is requested. Under the All Writs Act, 28 U.S.C. § 1651(a),[5] we unquestionably have the power to issue, in our discretion, a writ of mandamus in this case. *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 25, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943); *United States v. Harper*, 729 F.2d 1216, 1221 (9th Cir.1984). We must nevertheless determine whether mandamus is a proper remedy here.

The government first argues that we lack jurisdiction to vacate General Order No. 190 because it was not entered in a case involving the specific petitioner before us. Valenzuela–Gonzalez does not contest this argument. We need not reach it in any event, for Valenzuela–Gonzalez has not requested us to review General Order No. 190. He requests only that we vacate the district court's order in his case. Without accepting the government's argument, therefore, we review the district court's order only to the extent it concerns Valenzuela–Gonzalez.

■ The government next argues that we lack jurisdiction to issue a writ of mandamus vacating the order concerning Valenzuela–Gonzalez because his arraignment has not yet taken place. Because the harm complained of has not yet occurred, the government contends, "nothing has occurred that the defense can object to." Furthermore, the government suggests that we cannot review the district court's decision until we know that "the arraign-ment would in fact. proceed the way the court anticipated." Absent these two circumstances, the government argues, our opinion would be merely advisory in violation of Article III of the United States Constitution. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937).

■ We disagree. First, we may easily evaluate the proposed arraignment procedure, since Valenzuela–Gonzalez's two co-defendants have already been arraigned under the exact procedures challenged by Valenzuela–Gonzalez. Our evaluation of the scheme as it affects Valenzuela–Gonzalez is not contingent upon any uncertain event that might not occur. *Thomas v. Union Carbide*, 473 U.S. 568, 580–81, 105 S.Ct. 3325, 3332–33, 87 L.Ed.2d 409 (1985). Second, the standards for granting a writ of mandamus do not require that the challenged order be carried out before the writ can issue. *See, e.g., Schlagenhauf v. Holden*, 379 U.S. 104, 111, 85 S.Ct. 234, 238, 13 L.Ed.2d 152 (1964) (excessively oppressive discovery order); *Admiral Ins. Co. v. United States Dist. Court*, 881 F.2d 1486, 1491 (9th Cir.1989) (assertion of absolute privilege to discovery order). But for our stay, the harm Valenzuela–Gonzalez complains of is imminent. We conclude that the district court's order satisfies the "case or controversy" requirement of Article III.

■ The government concedes that the petition for writ of mandamus is otherwise an appropriate procedure for reviewing the order challenged here. We agree. The writ of mandamus is an extraordinary remedy reserved for situations where a trial court has exceeded its authority. *Kerr v. United States*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976); *Bauman v. United States*, 557 F.2d 650, 654–55 (9th Cir.1977). We have adopted five guidelines for determining if a writ of mandamus should issue:

---

**4.** Our order of July 27, 1990, reads, in pertinent part:

> The district court is directed to arraign petitioner face to face with the petitioner physically present in the courtroom. *See* Fed.R. Crim.P. 43.

**5.** 28 U.S.C. § 1651(a) provides:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law.

(1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires.

(2) The petitioner will be damaged or prejudiced in a way not correctable on appeal.

(3) The district court's order is clearly erroneous as a matter of law.

(4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.

(5) The district court's order raises new and important problems, or issues of law of first impression.

*In re Allen,* 896 F.2d 416, 419–20 (9th Cir.1990) (quoting *Bauman,* 557 F.2d at 654–55). No single factor is determinative, *Bauman,* 557 F.2d at 655, and all five factors need not be satisfied at once. *In re Cement Antitrust Litigation,* 688 F.2d 1297, 1301 (9th Cir.1982), *aff'd mem. sub nom. Arizona v. United States Dist. Court,* 459 U.S. 1191, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983).

 Mandamus is particularly appropriate when we are called upon to determine the construction of a federal procedural rule in a new context. *Schlagenhauf,* 379 U.S. at 111, 85 S.Ct. at 238 (Fed.R.Civ.P. 35); *La Buy v. Howes Leather Co.,* 352 U.S. 249, 251, 77 S.Ct. 309, 311, 1 L.Ed.2d 290 (1957) (Fed.R.Civ.P. 53); *United States v. Lasker,* 481 F.2d 229, 235–36 (2d Cir.1973) (Fed.R.Crim.P. 48), *cert. denied,* 415 U.S. 975, 94 S.Ct. 1560, 39 L.Ed.2d 871 (1974). Such a situation presents the rare case where both the fourth and fifth *Bauman* factors are satisfied: we are presented with a novel question of law that is simultaneously likely to be "oft-repeated." *Bauman,* 557 F.2d at 655; *see Harper,* 729 F.2d at 1222. In addition, the first *Bauman* factor is satis-

fied here: since Valenzuela–Gonzalez's notice of appeal has not been certified for interlocutory appeal under 28 U.S.C. § 1292(b), he has no adequate means to obtain review. We conclude that a petition for writ of mandamus is an appropriate method for reviewing the district court's order.[6]

We determine *de novo* whether the writ should issue. *Seattle Times v. United States Dist. Court,* 845 F.2d 1513, 1515 (9th Cir.1988). Before the writ may issue, we must be "firmly convinced that the district court has erred," *id.,* and that the petitioner's right to the writ is "clear and indisputable." *Kerr,* 426 U.S. at 403, 96 S.Ct. at 2124.

### III

Valenzuela–Gonzalez argues first that the district court's order must be vacated because it violates his rights under the fifth and sixth amendments to the United States Constitution. The Supreme Court has long recognized that the accused has a right to be present at all critical stages of the proceeding against him. *Kentucky v. Stincer,* 482 U.S. 730, 744–45, 107 S.Ct. 2658, 2666–67, 96 L.Ed.2d 631 (1987); *Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 54 S.Ct. 330, 332–33, 78 L.Ed. 674 (1934); *United States v. Lewis,* 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011 (1892). Arraignment, "far from a mere formalism," is a stage important enough to entitle the accused to the presence of counsel. *Kirby v. Illinois,* 406 U.S. 682, 689–90, 92 S.Ct. 1877, 1882–83, 32 L.Ed.2d 411 (1972); *Coleman v. Alabama,* 399 U.S. 1, 7, 90 S.Ct. 1999, 2002, 26 L.Ed.2d 387 (1970); *Powell v. Alabama,* 287 U.S. 45, 57, 53 S.Ct. 55, 59, 77 L.Ed. 158 (1932).

---

**6.** We therefore exercise our power to determine all the issues presented by the writ of mandamus ... and to formulate the necessary guidelines in this area.... This is not to say, however, that, following the setting of guidelines in this opinion, any future allegation that the district court was in error in applying these guidelines to a particular case makes mandamus an appropriate remedy. The writ of mandamus is not to be used when

'the most that could be claimed is that the district courts have erred in ruling on matters within their jurisdiction.' *Schlagenhauf,* 379 U.S. at 111–12, 85 S.Ct. at 238–40 (quoting *Parr v. United States,* 351 U.S. 513, 520, 76 S.Ct. 912, 917, 100 L.Ed. 1377 (1956)). Readiness to issue the writ may defeat the intent of Congress to reserve for appellate review only final judgments. *Kerr,* 426 U.S. at 403, 96 S.Ct. at 2124.

Nevertheless, whether the fifth and sixth amendments prohibit the use of closed circuit television at an otherwise proper arraignment is not immediately apparent. Arraignment is not a procedure required by the due process clause of the fifth amendment. *Garland v. Washington,* 232 U.S. 642, 645, 34 S.Ct. 456, 457, 58 L.Ed. 772 (1914); *United States v. Coffman,* 567 F.2d 960 (10th Cir.1977). The sixth amendment right to confront witnesses is not implicated, since there are no witnesses. *Snyder,* 291 U.S. at 107, 54 S.Ct. at 332. Moreover, the Supreme Court has held that closed circuit television may satisfy the confrontation clause in limited circumstances. *Maryland v. Craig,* — U.S. ——, 110 S.Ct. 3157, 3170, 111 L.Ed.2d 666 (1990).[7]

■ We need not resolve this question, however, for the presence of the defendant at arraignment is required under two federal rules of criminal procedure, Fed.R.Crim.P. 10[8] and Fed.R.Crim.P. 43(a).[9] The protection of these rules is broader than the constitution provides. *United States v. Gordon,* 829 F.2d 119, 123–24 (D.C.Cir. 1987); *United States v. Christopher,* 700 F.2d 1253, 1261–62 (9th Cir.), *cert. denied,* 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983). It is the rule in this circuit that although arraignment may not be required, conducting an arraignment in the defendant's absence violates the plain instruction of the rule.[10] *Id.* at 1262. There

is simply "no provision for arraignment in the defendant's absence." *Id.*

Similarly, there is no provision for arraignment by closed circuit television. Under Rule 43, the defendant must be present at arraignment. Under Rule 10, the arraignment must take place in open court. We hold that these rules together require that the district court must arraign the accused face-to-face with the accused physically present in the courtroom.

■ The government urges that the federal rules of criminal procedure are to be construed broadly under Fed.R.Crim.P. 2.[11] We recognize that substantial compliance with the "open court" requirement of Rule 10 may satisfy the rule. *Sweeney v. United States,* 408 F.2d 121 (9th Cir.1969); *see also* Fed.R.Crim.P. 10, advisory committee notes ("mere technical irregularity" does not warrant reversal). Moreover, the right to be present under Rule 43 is not absolute. *United States v. Gagnon,* 470 U.S. 522, 529, 105 S.Ct. 1482, 1485, 84 L.Ed.2d 486 (1985) (*in camera* conference); *Illinois v. Allen,* 397 U.S. 337, 343, 90 S.Ct. 1057, 1060, 25 L.Ed.2d 353 (1970) (unruly behavior at trial). Violations of Rule 43 are subject to the harmless error rule of Rule 52(a). *United States v. Rogers,* 422 U.S. 35, 40, 95 S.Ct. 2091, 2095, 45 L.Ed.2d 1 (1975); *United States v. Kupau,* 781 F.2d 740, 743 (9th Cir.), *cert. denied,* 479 U.S. 823, 107 S.Ct. 93, 93 L.Ed.2d 45 (1986).

---

**7.** The use of closed circuit television for taking testimony of child witnesses has been approved by the Supreme Court. *Maryland v. Craig,* 110 S.Ct. at 3170. So long as the teleconferencing procedure is "functionally equivalent to that accorded live, in-person testimony," it will satisfy constitutional requirements. *Id.* at 3166. Approval of the procedure is dependent, however, on the state's making an adequate showing of necessity. *Id.* at 3169.

**8.** Fed.R.Crim.P. 10, "Arraignment," provides:
Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to the defendant the substance of the charge and calling on the defendant to plead thereto. The defendant shall be given a copy of the indictment or information before being called upon to plead.

**9.** Fed.R.Crim.P. 43, "Presence of the Defendant," provides:

(a) *Presence Required.* The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. An exception is provided for misdemeanors. Fed.R.Crim.P. 43(c)(2).

**10.** A defendant may waive, in writing, the right to appear in person at arraignment. *Christopher,* 700 F.2d at 1262. *But see In re United States,* 784 F.2d 1062, 1063 (11th Cir.1986) (no waiver absent good cause).

**11.** Fed.R.Crim.P. 2 provides:
These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.

The District of Columbia Circuit has held that under certain circumstances, closed circuit television may satisfy the presence requirement of Rule 43, if the procedure is considered necessary by the court. *See United States v. Washington,* 705 F.2d 489, 497 n. 4 (D.C.Cir.1983) (per curiam) (unruly behavior at voir dire). The government, however, does not argue that the procedure is necessary as opposed to convenient here. Absent such a showing, we hold that arraignment by closed circuit television does not constitute substantial compliance with either Rule 10 or Rule 43.

Several states, including Arizona,[12] have adopted rules allowing the use of closed circuit television for arraignments, with the approval of their state courts. *See, e.g., Commonwealth of Pennsylvania v. Terebieniec,* 268 Pa.Super. 511, 408 A.2d 1120, 1123–24 (1979) (noting no "circus atmosphere" or unconstitutional prejudice).[13] But one state court, examining statutes not explicitly authorizing the procedure, did not approve its use. *See State ex rel. Turner v. Kinder,* 740 S.W.2d 654, 656 (Mo. 1987) (en banc). After the state legislature amended the statute, the court gave its approval. *See Guinan v. State,* 769 S.W.2d 427, 430 (Mo.) (en banc), *cert. denied,* —— U.S. ——, 110 S.Ct. 259, 107 L.Ed.2d 208 (1989).

"Strong reasons" support Federal Rules 10 and 43. *In re United States,* 784 F.2d 1062, 1063 (11th Cir.1986). Their purpose is to ensure, at a minimum, that the defendant has a copy of the indictment, "know[s] what he is accused of and [is] able adequately to defend himself." *United States v. Romero,* 640 F.2d 1014, 1015 (9th Cir. 1981). "Without the presence of the defendant, the court cannot know with certainty that the defendant has been apprised of the proceedings." *In re United States,* 784 F.2d at 1063.[14] Moreover, Rule 43 requires that the defendant be present at all stages of the trial, the plea and sentencing. Allowing the use of closed circuit television at arraignment without Valenzuela–Gonzalez's consent would amount to our tacit approval of its use at these other stages of the criminal proceeding as well.

Absent a determination by Congress that closed circuit television may satisfy the presence requirement of the rules, we are not free to ignore the clear instructions of Rules 10 and 43. We have held in other contexts that strict compliance with federal rules of criminal procedure is required. *See United States v. Fernandez–Angulo,* 897 F.2d 1514, 1516–17 (9th Cir.1990) (en banc) (Fed.R.Crim.P. 32). We see no reason to reach a different conclusion here. So long as Congress has chosen to provide those persons accused of federal crimes with the right to be arraigned in open court, we hold that the plain language of the rules must be followed.

### IV

Arraignment by closed circuit television constitutes a violation of Federal Rules of Criminal Procedure 10 and 43. The petitioner's right to a writ of mandamus is clear and indisputable. The writ of mandamus shall issue and the district court shall vacate the order requiring arraignment of Valenzuela–Gonzalez by closed circuit television.

WRIT GRANTED.

---

**12.** Ariz.R.Crim.P. 14.2 provides:
 The defendant shall be arraigned personally before the trial court or by video telephone.

**13.** At least one commentator has noted that, far from being prejudicial, the procedure can be beneficial to defendants, since it avoids the need to be kept in a "holding cell" awaiting arraignment and allows greater focus by the judge. *See* Note, The Use of Closed Circuit Television for Conducting Misdemeanor Arraignments in Dade County, Florida, 38 U.Miami L.Rev. 657, 672 (1984).

**14.** To the extent the plea process is involved, the presence of the defendant may become even more important. Some district courts allow only pleas of not guilty to be entered at arraignment. *See* M. Hermann, *Rules of Criminal Procedure for the United States District Courts* 91–92 (1990). This is the procedure anticipated in the District of Arizona. *See* Transcript, *supra,* n. 3. Acceptance of a guilty plea at arraignment would raise questions concerning the requirements of Fed.R.Crim.P. 11, which we do not reach here.