78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry Earl DUNCAN, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF
CALIFORNIA, Respondent,
Arthur Calderon, Warden, Real Party in Interest.
 No. 96-70024.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided Feb. 29, 1996.
 
 Before: PREGERSON, BEEZER and FERNANDEZ, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Henry Earl Duncan seeks a writ of mandamus directing the district court to enter a protective order in Duncan's federal habeas challenge to his conviction and death sentence. Pursuant to our request, the California Attorney General, representing Real Party in Interest Warden Calderon (hereafter "the State"), has filed a letter brief. On January 17, 1995, we stayed the district court's order compelling the production of documents.
 
 
 2
 We exercise jurisdiction under the All Writs Act, 28 U.S.C. § 1651, and we DENY the petition.
 
 
 3
 * Duncan was convicted of first degree, felony murder and sentenced to death on May 5, 1986. After his state appeal and habeas petition failed, Duncan filed a petition for a writ of habeas corpus in federal court. The 103-page amended petition sets out 21 claims, several of which contain the claims of ineffective assistance of counsel that are pertinent here:
 
 
 4
 Claim V:[1] Counsel failed to discover and introduce physical evidence of another killer;
 
 
 5
 Claim VIII: Counsel failed to understand and correctly address the law of felony murder;
 
 
 6
 Claim IX: Counsel failed to make pretrial motions, including motions for funds of psychological and forensic experts and motions challenging the underrepresentation of blacks on the venire;
 
 
 7
 Claim XI: Counsel's conduct of voir dire was incompetent;
 
 
 8
 Claim XII: Counsel introduced evidence to show that the victim was tortured and argued to the jury at the guilt phase that she was tortured;
 
 
 9
 Claim XIII: Counsel failed to object to prosecutorial misconduct and the introduction of inadmissible evidence;
 
 
 10
 Claim XV: Counsel failed to request certain lesser included offense instructions;
 
 
 11
 Claim XVII: Counsel failed to prepare, investigate or effectively present a case in the penalty phase.
 
 
 12
 The State stipulated to an evidentiary hearing and served 84 requests for documents upon Duncan. Duncan complied with many of the requests. The State moved to compel the production of certain documents and Duncan sought a protective order. The district court sustained Duncan's objections to several requests and overruled his objections to ten requests. The court also declined to enter a protective order "limiting the use of trial counsel's trial file to resolve the Petitioner's Ineffective Assistance of Counsel Claim at the evidentiary hearing."
 
 
 13
 Duncan argues that the district court erred in overruling the objections to eight of the requests and in denying the motion for protective order.
 
 II
 
 14
 Mandamus is an extraordinary remedy. Valenzuela-Gonzalez v. United States District Court, 915 F.2d 1276, 1278 (9th Cir.1990). It is justified only by "exceptional circumstances amounting to a judicial usurpation of power." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). We must be "firmly convinced that the district court has erred" in order to issue the writ. Valenzuela-Gonzalez, 915 F.2d at 1279 (internal quotation omitted). Petitioner must establish that his right to the issuance of the writ is "clear and indisputable." Confederated Salish v. Simonich, 29 F.3d 1398, 1404 (quoting Gulfstream, 485 U.S. at 289).
 
 
 15
 Five factors guide our determination whether to issue a writ of mandamus:
 
 
 16
 (1) whether the petitioner has no other adequate means to attain the desired relief;
 
 
 17
 (2) whether the petitioner will suffer damage or prejudice not correctable on direct appeal;
 
 
 18
 (3) whether "[t]he district court's order is clearly erroneous as a matter of law";
 
 
 19
 (4) whether "[t]he district court's order is an oft-repeated error or manifests a persistent disregard of the federal rules";
 
 
 20
 (5) whether "[t]he district court's order raises new and important problems, or issues of law of first impression."
 
 
 21
 Id. (quoting Bauman v. United States District Court, 557 F.2d 650, 654-55 (9th Cir.1977) (the "Bauman factors")).
 
 III
 
 22
 The third Bauman factor is dispositive of Duncan's objections to the eight document requests. Because we conclude that the district court's decision is correct as a matter of law, "it is obvious that the writ of mandamus should not be issued." Survival Systems of the Whittaker Corp. v. United States Dist. Court, 825 F.2d 1416 (9th Cir.1987), cert. denied, 484 U.S. 1042 (1988).
 
 
 23
 Duncan admits that he has partially waived his attorney-client privilege. His arguments concern the scope of the waiver. We review de novo the existence and scope of a waiver of the attorney-client privilege. United States v. Abrahams, 905 F.2d 1276, 1282 (9th Cir.1990) (citation omitted).
 
 
 24
 When a petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege. Tasby v. United States, 504 F.2d 332, 336 (8th Cir.1974), cert. denied, 419 U.S. 1125 (1975). The extent of the waiver is determined by the nature of the claims alleged. If the claims put the privileged information at issue and allowing the privilege would deny the opposing party access to information vital to its defense, we deem the privilege waived as to that information. Home Indemnity Co. v. Lane Powell Moss and Miller, 43 F.3d 1322, 1326 (9th Cir.1995). Our "overarching concern" is whether application of the privilege would be "manifestly unfair" to the opposing party. Id.
 
 
 25
 In determining the scope of the waiver here, we are mindful of the standard for finding ineffective assistance of counsel. A claim of ineffective assistance presents two questions. First, the court must decide whether "counsel's representation fell below an objective standard of reasonableness ... considering all the circumstances...." Harris v. Wood, 64 F.3d 1432, 1435 (9th Cir.1995) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)) (emphasis added). "[T]he variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant" mandate a case by case inquiry with no particular set of rules for counsel's conduct. Strickland, 466 U.S. at 688-89.
 
 
 26
 Second, the court asks whether "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. This prejudice inquiry focuses on the impact at trial of what counsel did and failed to do.
 
 
 27
 Because both parts of this test require consideration of a wide array of circumstances, the making of a claim of ineffective assistance necessarily implies a relatively broad waiver of attorney-client privilege. The surrounding circumstances are often vital to the State's defense. In this case, Duncan's claims implicate every stage of the trial, from pretrial motions through the penalty phase. The petition does not allege a single, glaring error that resulted in a miscarriage of justice; it alleges multiple errors at multiple stages.
 
 
 28
 Defending against these claims will require the State to introduce evidence regarding a variety of surrounding circumstances. These circumstances will include what Duncan told his attorney, what strategies the attorney considered and rejected and what witnesses were available or unavailable to the defense.
 
 
 29
 Duncan's attempts to read his claims narrowly fail to account for the wide ranging inquiry into surrounding circumstances mandated by Strickland. When a petitioner questions many decisions by trial counsel, at every stage of the proceedings, it is manifestly unfair to the State to limit the waiver of the privilege to a narrow reading of the petitioner's claims. For this reason, we deny Duncan's challenge to the district court's ruling on his objections to the eight requests by the State.[2]
 
 IV
 
 30
 Duncan argues that the State should be prohibited from sharing information obtained in the federal habeas proceeding with the Los Angeles District Attorney. Addressing this issue, the district court denied Duncan's motion for a protective order. Duncan asks us to issue a writ of mandamus ordering the district court to enter the protective order.
 
 
 31
 We find that Duncan has not shown an entitlement to mandamus relief on this issue. At this time, Duncan's claim is not ripe. We raise ripeness de novo. Shelter Creek Dev. Corp. v. City of Oxnard, 838 F.2d 375, 377 (9th Cir.), cert. denied, 488 U.S. 851 (1988).
 
 
 32
 Citing to Simmons v. United States, 390 U.S. 377 (1968), Duncan contends that he should not be forced to choose between challenging his conviction and waiving the attorney-client privilege for all subsequent proceedings. In Simmons, the Supreme Court held that when a criminal defendant testifies in support of a motion to suppress evidence, his testimony may not later be admitted against him on the issue of guilt. 390 U.S. at 394.
 
 
 33
 As discussed above, Duncan's waiver of his attorney-client privilege encompasses the State's requests. He is required to turn over the material in question. The potential harm resulting from the district court's failure to enter the protective order would only occur on retrial. Until that contingency occurs, no harm arises beyond the alleged "harm" created by their production in the habeas proceeding.
 
 
 34
 Duncan's challenge to the denial of the protective order involves "contingent future events that may or may not occur as anticipated, or indeed may not occur at all." Thomas v. Union Carbide, 473 U.S. 568, 580-81 (1985) (citation omitted). Unlike the writ of mandamus issued in Admiral Insurance Co. v. United States District Court, 881 F.2d 1486, 1491 (9th Cir.1989), a writ here would protect against a use of evidence that may never occur in any proceeding. The claim is not yet ripe.
 
 
 35
 In addition, his petition as it concerns the protective order fails to satisfy any of the five Bauman factors. First, when the claim is ripe, Duncan will have an effective remedy available. If indeed Duncan is entitled to relief under Simmons, that relief will be afforded him by the state court when the Los Angeles District Attorney attempts to introduce, at a retrial, evidence obtained by the State during habeas proceedings. In this regard we note that in Simmons the Court excluded from trial the testimony given in the suppression hearing; it did not order the prosecutor to refer the suppression hearing to a separate agency.
 
 
 36
 Second, any failure to afford Duncan an appropriate remedy will be correctable on appeal from the retrial. As to the third factor, we will not give an advisory opinion on the law. Fourth, the novelty of the claim shows that, if an error, it is not one often made by district courts in this circuit. See United States v. Hitchcock, 992 F.2d 236, 239 (9th Cir.1993) (novelty "points away" from this factor). Fifth, the issue is not ripe and therefore not well presented for any decision, least of all one of first impression. Mandamus is not appropriate.
 
 V
 
 37
 For these reasons, we DENY the petition and ORDER the stay on the district court's order compelling production lifted.
 
 
 38
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 [1]
 Notably, under Claim V, the Amended Petition reads:
 Petitioner Henry Earl Duncan told trial counsel that he had been present in the money room, and left his finger and palm prints in the victim's blood. But Mr. Duncan was not the killer. Before the trial commenced, Mr. Duncan informed trial counsel that he did not kill Mrs. DeBaun, did not aid in the killing, and did not intend the victim's death.
 
 
 [2]
 Because the district court properly drew the boundaries of Petitioner's waiver, we do not address the State's argument that Petitioner's objections involved work product and not attorney-client privilege