UNITED STATES Of America,
Plaintiff—Appellee,

The Copley Press, Intervenor—
Appellant,

v.

Victor BUENDIA–CABRERA; Carlos
Flores–Moran, Defendants—
Appellees.

United States of America;,
Plaintiff—Appellee,

The Copley Press, Inc. Publisher of
the San Diego Union–Tribune,
Intervenor—Appellant,

v.

Eid Abed Daghlawi; Jubran Yousef
Sahalam aka Jubran Zalan Dighlawi,
aka Jubran Zalan Dighlawi; Hussein
Mohammad Hussein; Saleh Mah-
moud Rabaneh; Ramiro Ruiz–Maldo-
nado; Amjad Kayed; ADA Gisela
Pineda–Palencia; Suhail Mata Abdal-
lah; Abdelbaset Masri; Awad Bassam
Masri; Ajmal Bahjat Farhat; Towfic
Yoseph Soury; Mohammad Abed
Daghlawi, Defendants.

In re: The Copley Press, Inc. Publisher
of the San Diego, Union–Tribune,

The Copley Press, Inc. Publisher
of the San Diego Union–
Tribune, Petitioner,

v.

United States District Court for the
Southern District of California,
Respondent,

United States of America; Eid Abed
Daghlawi; Jubran Yousef Sahalam
aka Jubran Zalan Dighlawi, aka Ju-
bran Zalan Dighlawi; Hussein Mo-

hammad Hussein; Saleh Mahmoud
Rabaneh; Ramiro Ruiz–Maldonado;
Amjad Kayed; ADA Gisela Pineda–
Palencia; Suhail Mata Abdallah; Ab-
delbaset Masri; Awad Bassam Masri;
Ajmal Bahjat Farhat; Towfic Yoseph
Soury; Mohammad Abed Daghlawi,
Real Parties in Interest.

Nos. 02–50519, 02–50593, 02–74030.
D.C. Nos. CR–00–03841–IEG, CR–02–
00050–J, CR–02–00050–NAJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Decided Nov. 7, 2003.

**482**

Yvonne Campos, U.S. Atty. CAS, San Diego, CA, for Plaintiffs–Appellees.

Harold W. Fuson, Jr., La Jolla, CA, Guylyn R. Cummins, Gray, Cary, Ware And Freidenrich, San Diego, CA, for Intervenor–Appellant.

David L. Baker, Attorney at Law, Shereen J. Charlick, FDCA—Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellee.

Michael R. McDonnell, La Habra, CA, Knut S. Johnson, Law Office of Knut S. Johnson, Michael Pancer, Stephen E. Hoffman, Frank & Milchen, Robert C. Schlein, Schlein & McKinney, Roseline Dergregorian Feral, Frank J. Ragen, Jami L. Ferrara, Law Offices of Jami L. Ferrara, Robert E. Boyce, Attorney at Law, Matthew Nelson Lees, Ezekiel E. Cortez, San Diego, CA, for Defendants.

Before KOZINSKI and T.G. NELSON, Circuit Judges, and RESTANI,* Judge.

### MEMORANDUM**

■ The Copley Press, Inc. ("Copley") petitions for a writ of mandamus to review: (a) the district court's decision to seal the plea agreement in two cases, *United States v. Hussein* and *United States v. Buendia–Cabrera,* and (b) the Southern District's former policy of not filing plea agreements. We have consolidated the petitions, which we now deny. The facts are familiar to the parties, and we will not recite them here.

As an initial matter, we note that Copley's writ[1] in the *Buendia–Cabrera* case is timely under Federal Rule of Appellate Procedure 4(a). The order Copley wishes us to review is clearly civil in nature. The qualified right of the press for access to

---

* The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We have the power to construe a direct appeal as a writ. *See, e.g., Columbia Broadcasting Sys., Inc. v. United States Dist. Court,* 729 F.2d 1174, 1177 (9th Cir.1984). We do so with regard to the *Buendia–Cabrera* case despite a motion panel's denial of the writ filed along with this appeal. *See United States v. Houser,* 804 F.2d 565, 568 (9th Cir.1986). A petition for writ is also a proper form in which to seek review of the Southern District's policy. *See, e.g., La Buy v. Howes Leather Co.,* 352 U.S. 249, 255, 259–60, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); *Valenzuela–Gonzalez v. United States Dist. Court,* 915 F.2d 1276, 1279 (9th Cir.1990).

court records, including plea agreements, arises from the First Amendment.[2]

The district court did not err when it concluded that the plea agreements in both the *Hussein* and *Buendia–Cabrera* cases should have been filed and sealed when the plea was taken, and therefore denied Copley access to them. The district court satisfied the procedural requirements of the First Amendment for closure of the plea agreements in these cases.[3] Copley does not dispute that the court allowed it to file objections and to state them in open court. Thus, Copley had a "reasonable opportunity to state [its] objections."[4] In addition, the court articulated its findings in a manner sufficient to "permit appellate review of whether relevant factors were considered and given appropriate weight."[5] Contrary to Copley's assertions, a district court need not make all its findings public; rather, it must make findings sufficient to allow for review.[6]

The district court also satisfied the substantive requirements for closure.[7] The court identified a sufficiently compelling interest in each case; reasonably concluded that a "substantial probability" existed that, "in the absence of closure, this compelling interest would be harmed;" and reasonably concluded that "there are no alternatives to closure that would ade-quately protect the compelling interest" in light of the facts and circumstances of the cases.[8]

For the foregoing reasons, we deny those portions of Copley's petitions for writs of mandamus seeking review of the district court's decisions to seal the plea agreements.

■ We deny the remainder of the writs because we cannot conclude that Copley's challenge to the Southern District's former policy meets Article III case and controversy requirements.[9] The harm to Copley's first amendment rights, with respect to the two cases at hand, has already occurred. Copley had to go through a fairly long, litigious process in order to determine whether the plea agreements should have been filed or filed and sealed. There is nothing we can do to remedy the burden that was placed on Copley at this point. Because we have now determined that the plea agreements should have been filed and sealed, there is nothing left to be resolved in these cases. And we cannot say that future harm is imminent.[10] Copley has not asserted, much less presented evidence, that the harm it complains of is likely to occur in the future. The policy has ended; the Southern District now requires the filing of plea agreements and

2. *Oregonian*, 920 F.2d at 1465.

3. *Id.* at 1466 (setting forth two procedural requirements).

4. *Id.*

5. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995) (internal quotation marks omitted).

6. *See id.; Times Mirror Co. v. United States*, 873 F.2d 1210, 1213 (9th Cir.1989) (acknowledging need for secrecy in some circumstances).

7. *Oregonian*, 920 F.2d at 1466.

8. *Id.*

9. *See Valenzuela–Gonzalez v. United States Dist. Court*, 915 F.2d 1276, 1278 (9th Cir. 1990).

10. *Compare id.* (finding future harm sufficiently imminent to satisfy Article III requirements where co-defendants had been arraigned under unconstitutional procedure and defendant was scheduled for arraignment by the same court).

correctly places the burden on the Government if it wants to seal a particular agreement. Thus, in future cases, the former policy will not cause problems for Copley. And Copley has not shown that it will want copies of other plea agreements from past cases prosecuted when the policy was in force. If Copley had made such a showing, it could argue that the district court would make it undergo another long, litigious process to gain access to a plea agreement to which it should have had access in the first place (unless the Government had affirmatively demonstrated a need to seal it). Copley would thus have an argument that further harm to its first amendment rights was imminent and, therefore, that it satisfied the case and controversy requirement.[11] Because Copley has made no such showing, and has no such argument, we necessarily conclude that the cases do not satisfy Article III. Accordingly, we dismiss for lack of jurisdiction the portions of the petitions for writs requesting that we declare unconstitutional the Southern District's general policy.

PETITIONS FOR WRITS OF MANDAMUS DENIED.

---

11. Similarly, if Copley had filed for a writ during the time the policy was in force, and before the district court took the plea of a defendant, Copley could have argued that harm from the court's anticipated failure to file the agreement, pursuant to its policy, was imminent. *See id.*