**In re: CITY OF SAN DIEGO,**

**City of San Diego, Petitioner,**

v.

**United States District Court for the Southern District of California, Respondent,**

**Kinder Morgan Energy Partners, L.P.; Morgan Management L.L.C.; Morgan Operating L.P. "D"; Santa Fe Pacific Pipelines, Real Parties in Interest.**

No. 08–70678.

United States Court of Appeals, Ninth Circuit.

Aug. 12, 2008.

Michael J. Aguirre, City Attorney's Office, Donald McGrath, II, John H. Serrano, Law Offices of Antonio F. Yoon, San Diego, CA, for Petitioner.

Gregory T. Broderick, Downey Brand LLP, Sacramento, CA, M. Ray Hartman, III, DLA Piper US, LLP, San Diego, CA, for Real Parties in Interest.

Before: REINHARDT, THOMAS, and BERZON, Circuit Judges.

### ORDER

The City of San Diego ("City") petitions for a writ of mandamus to challenge the district court's order disqualifying the City's counsel, the law firm of Tatro Tekosky Sadwick L.L.P. ("TTS"), from representing it pursuant to a contingent fee agreement. We grant the petition.

Because a writ of mandamus is an extraordinary remedy, we have developed five factors that cabin our power to grant the writ: (1) the party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems, or issues of law of first impression. *Bauman v. U.S. Dist. Court,* 557 F.2d 650, 654–55 (9th Cir.1977). The third factor is a necessary condition for granting a writ of mandamus. *Executive Software N. Am., Inc. v. U.S. Dist. Court,* 24 F.3d 1545, 1551 (9th Cir.1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.,* 533 F.3d 1087 (9th Cir. 2008). However, "all five factors need not be satisfied at once." *Valenzuela–Gonzalez v. U.S. Dist. Court,* 915 F.2d 1276, 1279 (9th Cir.1990). If the district court clearly erred, we determine whether the four additional factors "in the mandamus calculus point in favor of granting the writ." *Executive Software,* 24 F.3d at 1551.

■ Here, the district court erred by reading *People ex rel. Clancy v. Superior Court,* 39 Cal.3d 740, 218 Cal.Rptr. 24, 705 P.2d 347 (1985) too broadly. In *Clancy,* the Supreme Court of California held that a municipality may not hire private counsel on a contingent fee basis to bring a public nuisance abatement action. *Id.* at 750, 218 Cal.Rptr. 24, 705 P.2d 347. There, the municipality was acting solely in its capacity as a sovereign, and its only substantive claim was for public nuisance abatement. Here, however, the City, acting both as a property owner and a sovereign, brought five causes of action in its first amended complaint: (1) public nuisance; (2) private nuisance; (3) trespass; (4) negligence; and (5) declaratory relief. *Clancy* does not bar the City from hiring private counsel pursuant to a contingent fee agreement to bring its private tort claims, i.e., its claims for trespass and negligence. Additionally, to the extent the City brings its

public and private nuisance claims in its capacity as a private property owner—and not in its capacity as a sovereign—*Clancy* does not apply.[1] *Cf.* Cal. Civ. P.Code § 731; Cal. Civ.Code § 3493 (permitting a private person to bring an action for public nuisance "if it is specially injurious to himself").

The district court's error establishes the presence of the third *Bauman* factor. We now turn to the remaining factors. First, the City has no other adequate means to attain the relief it desires because an order precluding the City from employing private counsel pursuant to a contingent fee arrangement—as opposed to an order disqualifying counsel—is not an immediately appealable collateral order. *See Clancy*, 218 Cal.Rptr. 24, 705 P.2d at 353 (issuing writ of mandate to address motion to disqualify counsel hired pursuant to contingent fee agreement); *see also Chronometrics, Inc. v. Sysgen, Inc.*, 110 Cal.App.3d 597, 599 n. 1, 168 Cal.Rptr. 196 (Cal.Ct.App.1980) (order disqualifying counsel appealable).

Second, we must consider whether the City will be damaged in a way not correctable on appeal. *See Bauman*, 557 F.2d at 654. We have previously found that disqualification of one's counsel establishes damage or prejudice not correctable on appeal. *See Christensen v. U.S. Dist. Court*, 844 F.2d 694, 697 (9th Cir.1988). Although the district court's order does not disqualify TTS from serving as the City's counsel, the order has the identical effect, as the City has represented that it cannot afford to hire TTS at its hourly rate. Because the balance of the *Bauman* factors—including the third, dispositive,

factor—weigh in favor of the City, we grant the City's petition.

**PETITION GRANTED.**

---

1. Insofar as the City's nuisance claims relate to Pueblo water rights, rather than its real property ownership, the City may be unable to pursue its nuisance claims solely in its capacity as a property owner. To the extent that this issue needs to be clarified or re-

solved, it can be done on remand. In addition, on remand the City should be granted leave to amend its complaint to clarify the capacity in which it is bringing each of its nuisance claims.