IKUTA, Circuit Judge,
dissenting:
Interstate truck driver Van Dusen signed an agreement with Swift designating Van Dusen as an independent contractor. The agreement also stated that the parties would arbitrate any dispute. Van Dusen now says that she was actually an employee and the contract was really one of employment, so it was exempt from the Federal Arbitration Act (FAA). We have twice before given this district court a single task: Decide whether the agreement falls into the category of “contracts of employment” for purposes of the FAA. Instead, six years after our first ruling, the district court is erroneously requiring the parties to undertake an evidentiary hearing on the merits to decide whether Van Dusen is functionally an employee. Under the circumstances of this case, the extraordinary remedy of a writ of mandamus is warranted.
I
Van Dusen entered into a contractor agreement with Swift for the interstate transportation of freight. The parties agreed that Van Dusen was an independent contractor who would “determine the method, means and manner of performing work and services” under the agreement and could provide the same services for others. The parties also bargained to arbitrate “[a]ll disputes and claims arising under, arising out of or relating to” the contractor agreement, “including the arbi-trability of disputes between the parties.”
Notwithstanding this agreement, Van Dusen and other interstate truckers brought a .lawsuit in 2009 claiming that they were functionally employees and that Swift had violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, and state wage laws by failing to pay them minimum wages (including overtime) and by making unlawful deductions from their wages. Van Dusen sought to certify a class of essentially all truckers who had driven under a contract with Swift since 2006.
Swift immediately moved to compel arbitration of these claims as provided in the contractor agreement. Van Dusen moved to block arbitration on the ground that the agreements themselves were exempt from *919 arbitration under § 1 of the FAA, which states, “nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce.” 9 U.S.C. § 1. Van Dusen claimed that the contractor agreements for interstate transportation of freight were “contracts of employment.”
The district court initially concluded that the arbitrator should decide whether the form agreements were “contracts of employment.” We disagreed. See In re Van Dusen, 654 F.3d 838 (9th Cir. 2011) (Van Dusen I). Instead, we concluded that § 1 “explicitly carves out a category of cases exempt from the provisions of the Act,” and therefore “a district court has no authority to compel arbitration” where § 1 “exempts the underlying contract from the FAA’s provisions.” Id. at 843. Although we declined to grant Van Dusen’s mandamus petition, we sent the case back to the district court expressly holding that the district court must decide, as a matter of law, whether the contractor agreement between Swift and Van Dusen was “of the kind” that is exempt from the FAA. Id. at 844.
Instead of making this legal determination, the district court granted Van Du-sen’s motion for certification of an interlocutory appeal. When the case came back to us with the same question, whether a district court should assess whether a § 1 exemption applies, we unsurprisingly did not change our mind. We stated that our prior ruling was law of the case and law of the circuit, and we remanded to the district court to determine whether the contractor agreement was exempt under § 1. Van Dusen v. Swift Transp. Co., Inc., 544 Fed.Appx. 724 (9th Cir. 2013) (Van Dusen II).
On remand, the district court did not follow our direction. Instead of addressing the only legal issue before it — whether the form contract is “a contract of employment” for purposes of § 1 — the district court issued a scheduling order for discovery, pretrial proceedings, and trial. The purpose of the proceedings was to determine one of the key substantive issues on dispute between the parties: the “plaintiffs’ status as employees or independent contractors.” Applying judicial interpretations of the scope of the FLSA, the district court held that its determination depended on the working relationship between Van Dusen and Swift, including such factors as “the employer’s right to control the work, the individual’s opportunity to earn profits from the work, the individual’s investment in equipment and material needed for the work, whether the work requires a specialized skill, and whether the work done by the individual is an integral part of the employer’s business.” The district court relied on Real v. Driscoll Strawberry Assocs., Inc., 603 F.2d 748, 754 (9th Cir. 1979), which lays out the relevant factors for determining whether a person is an employee or independent contractor under the FLSA.
II
The district court erred in adopting this approach. Under the “expansive interpretation of the definitions of ‘employer’ and ‘employee’ under the FLSA,” the contract between the parties is merely a factor to consider; it is not conclusive regarding whether there is an employer-employee relationship between the parties for purposes of the FLSA. Id. “Economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA.” Id. at 755.
But the district court was not called upon to address the “economic realities” of the relationship between Van Dusen and Swift. The only issue before the district court is a legal one. As we have explained, § 1 “explicitly carves out a category of *920 cases exempt from the provisions of the Act,” Van Dusen I, 654 F.3d at 843; see also Bernhardt v. Polygraphic Co. of Am., 350 U.S. 198, 201, 76 S.Ct. 273, 100 L.Ed. 199 (1956) (holding that the language of the FAA makes clear that Congress chose certain “kind[s] of agreement[s]” to be brought under federal regulation and exempted others); Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 401-02 & n.9, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) (holding that § 1 exempts certain “categories of contracts otherwise within the Arbitration Act”). Contrary to the expansive definition of employer under the FLSA, we give § 1 a “narrow construction,” Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 118, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001), and do not read “contracts of employment” expansively to mean any contract between parties in an employment relationship, see Terrebonne v. K-Sea Transp. Corp., 477 F.3d 271, 278-80 (5th Cir. 2007).
Determining whether a contract qualifies as a “contract of employment” requires a categorical approach that focuses solely on the words of the contract and the definition of the relevant category. We have previously undertaken the task of determining whether, as a rpatter of law, a contract was ^n employment contract. See Modzelewski v. Resolution Trust Corp., 14 F.3d 1374 (9th Cir. 1994). In Modzelewski, “employment contract” was not defined in ERISA or the applicable regulations, so we turned to Black’s Law Dictionary, which defined “employment contract” as “an agreement setting forth ‘terms and conditions’ of employment.” Id. at 1376. We then reviewed the terms and conditions contained in the relevant contract. These terms prohibited “the employee” from maintaining “other employment without the employer’s consent”; required the employee to “devote all his working time and ability” to the employer; created “a covenant not to compete after retirement or termination as a condition of receiving benefits”; and authorized the employer “to discharge for cause and voids all benefits” if the covenant not to compete was breached. Id. at 1376. We determined that “the agreements in question clearly contain terms related directly to employment, and hence are also employment contracts.” Id. at 1377. We did not analyze the “economic realities” of the relationship between the parties to the contract.
The district court should have followed a similar approach. It should have first defined “contract of employment” for purposes of the FAA using standard tools of statutory construction. The court should then have determined whether the contract includes terms and conditions of employment. This information is clear on the face of the contract. Categorizing the nature of a contract requires only the examination of its terms; in no event is there a need to conduct discovery and a trial to consider the “economic realities” of the relationship of the parties to the ’contract.
Indeed, by requiring the parties to litigate the underlying substance of Van Du-sen’s claim — whether the economic realities of Van Dusen’s work for Swift made Van Dusen an employee for purposes of the FLSA — the district court risks depriving Swift of the benefits of its contract.[1] If *921 it turns out that the contractor agreement is not a “contract of employment,” it is subject to the FAA, and Van Dusen is bound by her bargain to arbitrate all disputes, including any question regarding -whether the disputes are arbitrable. The court’s failure to make the legal determination whether the FAA is applicable potentially defeats Swift’s rights under the contract and undermines the policies of the FAA and “the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts.” Prima Paint, 388 U.S. at 404, 87 S.Ct. 1801. Swift has already spent seven years and countless dollars litigating an issue that it may very well have the right to arbitrate.
Ill
Under the circumstances of this case, where the district court has declined to make the key legal decision three times over the span of six years, the extraordinary remedy of mandamus is warranted. To determine whether the petitioner has established a right to this remedy, we consider the five factors from Bauman v. U.S. Dist. Court, 557 F.2d 650 (9th Cir. 1977):
(1) Whether the petitioner has other adequate means, such as a direct appeal, to attain the relief he or she desires; (2) whether the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) whether the district court’s order is clearly erroneous as a matter of law; (4) whether the district court’s order makes an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) whether the district court’s order raises new and important problems, or legal issues of first impression.
In re Perez, 749 F.3d 849, 854-55 (9th Cir. 2014) (internal quotation marks omitted). “The factors are not to be mechanically applied; we are neither compelled to grant the writ when all five factors are present, nor prohibited from doing so when fewer than five, or only one, are present.” In re Sussex, 781 F.3d 1065, 1071 (9th Cir. 2015) (internal quotation marks omitted).
We have held that “the absence of factor three — clear error as a matter of law — will always defeat a petition for mandamus.” DeGeorge v. U.S. Dist. Court for Cent. Dist. of Cal., 219 F.3d 930, 934 (9th Cir. 2000). As explained above, there is no doubt that the district court’s order scheduling discovery and trial is clearly erroneous.
The remaining Bauman factors likewise weigh in favor of granting the remedy. Van Dusen does not dispute that the first two Bauman factors are satisfied. The district court’s order is not appealable, and therefore Swift has no adequate means to obtain review. See Valenzuela-Gonzalez v. U.S. Dist. Court for Dist. of Ariz., 915 F.2d 1276, 1279 (9th Cir. 1990). And because Swift cannot immediately appeal the district court’s order, it must proceed with discovery and trial to determine “plaintiffs’ status as employees or independent contractors,” the very issue it seeks to arbitrate. Moreover, an appeal after litigating the key issue in the case would be meaningless. Swift will have already lost the benefit of its bargain, the contractual right to arbitration.
This case also satisfies the fourth and fifth Bauman factors. The district court’s order makes an “oft-repeated error, or manifests a persistent disregard of the federal rules.” As the history of this case shows, the district court has repeated the same error three times. Twice before we explained that the district court must determine whether the contractor agreement falls into the category of “contracts of employment.” Van Dusen I, 654 F.3d at 843-44; Van Dusen II, 544 Fed.Appx. 724. *922 This is the third time it has misunderstood our direction, and it is necessary for us to step in to correct this error. Moreover, this exact issue has arisen frequently in district courts, and district courts often erroneously look to the relationship of the parties in determining whether the contract is one of employment. See, e.g., Doe v. Swift Transp. Co., 2015 WL 274092,, at *3 (D. Ariz. Jan. 22, 2015); Cilluffo v. Cent. Refrigerated Servs., Inc., 2012 WL 8523507, at *4-5 (C.D. Cal. Sept. 24, 2012); Owner-Operator Indep. Drivers Ass’n, Inc. v. Swift Transp. Co., 288 F.Supp.2d 1033, 1034 (D. Ariz. 2003); but see Owner-Operator Indep. Drivers Ass’n v. C.R. England, Inc., 325 F.Supp.2d 1252, 1258 (D. Utah 2004) (looking only to the contract).
Finally, this case presents a novel and important issue of law. We have not yet explained in a published opinion how a court must proceed when a party to a contract containing an arbitration agreement challenges the contract on the ground that it is exempt under § 1. A failure to address this issue and correct the district court’s erroneous approach may encourage plaintiffs in many different contexts to sidestep an agreement to arbitrate by strategically claiming that their contract is exempt and that it is necessary to litigate the key merits issue outside of arbitration.
Because the Bauman factors weigh in favor of granting Swift’s petition and mandamus is clearly warranted in this case, I dissent.

. Contrary to Judge Hurwitz's concurring opinion, there is still much at stake in this case. Although discovery is complete, the district court’s scheduling order anticipates a five day trial to determine the relationship of the parties. Our granting the writ would limit the scope of the district court’s inquiry to the proper legal question and save the parties the substantial costs of trial. Moreover, the argument made by the majority and Judge Hur-witz that we should not grant mandamus because "discovery has now closed,” Maj. op. at 916, is less than compelling when it is our delajy in issuing a decision in this case that allowed discovery to be completed.